May it please the Court. Good morning, Your Honors. My name is Chad Bowers. I represent Mr. Woods pursuant to the Criminal Justice Act. I would like to focus my comments, or at least the bulk of them, regarding the issue of Judge George's, the District Court Judge's, consideration of the just and practical standard. And this case was initially before this Court, I believe it was in 2004, with the issue of whether or not Mr. Woods' new trial motion was timely because of the — And it was sent back for the District Court to make a determination. Correct. Whether it was just and practical. Correct. And the issue is whether he abused his discretion in determining that it was. Correct. And I want to make one note, and thank you for shortening that process up, but it was sent back by Woods I with a reference to following the practices or following the standards as elucidated in Ross, which was an earlier decision in this circuit on this issue. Unfortunately, there are five cases, including Woods I as we stand here today, that touch upon this issue across the country. There's three within this circuit, Woods I, Ross, Harrington, and there's two in some other circuits. Both Ross and Harrington simply state it was not an abuse of discretion for the District Court to go ahead and allow those motions to be heard, even though they were untimely. Rostovsky, which is at 312-206, is the Sixth Circuit case. And quite frankly, in reading it, it is an ex post facto case. I mean, there's one sentence in there that says the gentleman had 19 months after the change in the rules. That's just impractical. But the analysis of the case focuses primarily on the ex post facto, which isn't an issue in this circuit, at least as I understand it right now. Your client had 31 months, right? My client, yes. I mean, the government has said 32. We're getting into a matter of counting days, but 31, 32 months. From December 1st, 1998 to July 9, 2001, right? Correct. Yes. That is the time frame. And the – in each of these cases, like I say, Ross and Harrington just say, well, the District Court can do what they want. Ross is untimely. Harrington is sort of very untimely because he's – gets his verdict after the new rule comes into effect. Woods says go consider it, Judge. In Rostovsky, they give this 19-months number. In Carrera, again, although not focusing strictly – specifically on the ex post facto issue, that's the Eleventh Circuit case, the Court says he has 34 months, and that's enough time. In our case, the District Court says, well, he had two-and-a-half years after the new rule went – went into effect, and that put him on notice, and then he has nine months from the date he got his newly discovered evidence. That's just impractical. And the problem that I have here is there are none of these cases, nor is there particularly good language in anything else that I've found that applies as to what is just and practical. I cannot envision a reason that it's not practical to have this considered. You know, that word just means is it able to be done without, I don't know, undue – undue burden, and there's just no reason that you can address this motion on the merits. Unfortunately, just is an equally amorphous word. I mean, to me, that means is it fair? Do Mr. Woods have a fair opportunity? And it's – without further guidance as to what exactly that language is, which we don't have with respect to these cases, we're left in a situation where I submit it doesn't require a finding on the merits, but some evaluation of the merits must be made. In other words, if somebody were bringing a claim that had absolutely no basis whatsoever to it, then perhaps it would be just to go ahead and not apply – to go on the other hand, if this claim that is brought may have some potential merit to it, it seems only fair and just to allow at least a token review of what those claims are, if not actually determining that it's just and practical. I have a difficult time believing that the sole factor that goes into determining whether something is just and practical is simply counting months and saying, well, that's enough. And that's what these courts have seemed to do. I guess part of the equation is what happened during those months. Well, and in this instance, I don't think there's a dispute that Mr. Woods had difficulty with a couple different attorneys and or was unrepresented by counsel and sent regularly letters to try to acquire these transcripts that he ultimately acquired in, I believe it was September of 2000. If you give me just a moment, I'll make sure, because I did put that in here. Yeah. September of 2000. September of 2000, he gets his new evidence. And then at that point, he's unrepresented by counsel. He's by himself. The transcripts came from a – there were two FBI agents involved in this case. One testified in his case. One testified in his co-defendant's case, which was afterwards. From those transcripts, he gathered what he believed to be inconsistencies in the testimony of the second agent that would have had an impact on the agent in his case and proceeded to go ahead and do his best to write this motion. Now, what we're – what we're really talking about, and this gets confusing because there's – every party to this transaction wants to prompt which numbers in the timeline relate to them. So there's two-and-a-half years and nine – two-and-a-half years since the rule, nine months since he had the transcript. The government says there's 31 months instead of 36. But I don't want this Court to forget that there's a two-month period that we're talking about in the delay. He – now, he lost 17 months that he would have had if we'd gone under the old rule from the time of the mandate, but this motion's filed. It's supposed to be filed in July of 2001, and it's filed in September of 2001. Ross references the fact that the rule should not only be applied in cases where a defendant is diligent or – or non-diligent or negligent in acquiring the new evidence, but in this particular instance, I really don't think that's an issue. The – what the Court would be saying to refuse to apply this is essentially that Mr. Wood's efforts from the nine-month period that he got this were inappropriate, and therefore, it's fair or it's just impractical to not apply the rule that will give him the benefit he's seeking. If there's no questions, with the Court's permission, I'd like to reserve the remainder of my time for a response. Thank you. Good morning. Good morning. May it please the Court. Thomas Dockery for the United States. What factors, other than pure mathematical time, would you say would make it just impractical? The fact, Your Honor, that Mr. Woods had the evidence in September of 2000. Then he had from the date of the mandate that was issued on the direct appeal, which I believe, sir, you were on that panel with, which refused his direct appeal. From December 22nd until July 9th, he did not file his motion for new trial. He had ample time to do that. And as I tried to make clear in my brief, this is not a defendant who was not or who's shy about filing things with either the district court or the Ninth Circuit. He was a very prolific writer. Therefore, I would say that would support the fact that he had ample time to file the motion for new trial. He had the evidence starting in September, yet he waited a whole year to actually file it. Therefore, it would not be unjust or impractical to apply the rule. In fact, the Supreme Court prefers that this rule be applied. In fact, they want unless it is. So I'm asking generally what the factors would be in trying to determine when something's just impractical. You would look at when a defendant obtained the information, whether he had been diligent in trying to obtain it, whether he was represented by counsel, what efforts he made to obtain counsel. Those are all factors you would consider, not just simply that he got 31 months instead of 36. Certainly, sir. I would agree with that. Obviously, those other facts have an impact. And I would argue that those facts cut against the defendant, that he had the evidence well before the time frame in which he had to file the motion for new trial under the new rule. And also, the record shows this defendant was very eager or able to file pro se motions and filed several pro se motions. So in other words … When he actually filed it, was he represented? He was not, sir, no. He was still pro se. Yes, sir. But I believe, by my count, during just the direct appeal, he had filed five or six pro se pleadings with the Court, trying to file supplemental briefings with … to his direct appeal. He filed multiple pro se pleadings throughout the course of the motion for new trial and the 2255 pleading that he filed. So I would argue, Your Honor, that this defendant in particular was somewhat familiar with the ability or somewhat familiar with the process of how to go about filing things and had done so repeatedly. And I … bottom line, sirs, I would argue that the Court did not abuse its discretion in light of the fact when you look at Ross, when you look at Harrington, they don't specifically say that there was … that it … in fact, I would argue that Ross is good for the government in light of the fact that the ruling in Ross stated that that Court could not find any authority to say that it was an abuse of discretion for the Court to not find it just impractical to amend … to apply the amended rule. However, in our case, there is authority, albeit persuasive authority, out of the Sixth and Eleventh Circuit, but there is authority to say that the application of the amended rule in a case such as this was just impractical. Okay. Thank you. Thank you. If you could please the Court, if I could briefly respond. We're back again to the issue of math. And I … it just strikes me as not what this system is based on when you come to concepts as broad as just impractical. This … this Court just identified some things that cut in the defendant's favor in terms of specific considerations that should be made that were not made in this case and, indeed, have not been made in any of the cases from the records of the published opinions. And those are, what is the situation? What is this person trying to do? Are they doing their best? Are they not doing their best? And in this instance, Mr. Wood's ability to file pro se motions, I think, stemmed from some of the problems he had with his prior counsel. But there … again, there's no suggestion that he's been diligent, negligent, or otherwise untimely, except for the fact, what this all comes down to is he had 9 months under the old rule from the time that he got his transcripts, and he has 7 months under the new rule. Now, we're setting aside the fact that he had 17 months under the old rule that he could have kept going or whatever else, but he's late by 2 months. And I, again, submit that without the specific standards that we're talking about, that it is appropriate for either those standards to be examined or for Mr. Wood's to have the application of the old rule and address this issue on the merits. I don't want to sound like a law student or an undergrad, but my training in the law has always been under the assumption that we have a system that is not … that is designed to ensure a fair conviction. We give presumptions to the defendants in cases. In this particular instance, I don't see how it's impractical to hear this motion, and I don't see how it's fair to deny the hearing of the motion. Now, if this motion has no merit, Judge George has ample discretion to indicate that in any number of ways in addressing the merits of this motion, but to procedurally prohibit Mr. Woods based on the fact that by himself, without counsel, although filing a motion 2 months late under the new rule, he thought he filed it 17 months early under the old rule, that just does not strike me as just impractical. And I wish I didn't have to talk in terms of how it struck me, and that we had better standards, but we don't with this rule. All we have is math. And I think that this Court and this system is designed and generally does provide more concrete standards to evaluate those things. And I would encourage, if this is remanded, that this Court suggests some of the factors it's referenced today to be considered in connection with the standard of just impractical. Thank you, counsel. Thank you. Case just argued will be submitted. Next case for argument is Davis Rice versus United States.
judges: Goodwin, Reinhardt, Hawkins